IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHUNG MOORE, #B12832, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-01567-SMY |
| | ) |
| ROB JEFFREYS, | ) |
| DARREN GALLOWAY, | ) |
| LT. BROWNING, | ) |
| JAY MEDLEY, | ) |
| SGT. HUERING, | ) |
| SGT. VAUGHN, | ) |
| SGT. THOMPSON, | ) |
| SGT. CRIM, | ) |
| SGT. KUNATH, | ) |
| SGT. BERNARD, | ) |
| SGT. WILLIAMS, | ) |
| and SGT. DEAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**YANDLE, Chief District Judge:**

Plaintiff Shung Moore, an inmate at Pinckneyville Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional claims arising from allegedly frigid living conditions in segregation at Shawnee Correctional Center from December 21-28, 2022. (Doc. 1). Plaintiff signed the Complaint on August 7, 2025 and filed it August 11, 2025. *Id*. at 21.

28 U.S.C. § 1915A requires the Court to screen prisoner Complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Because Plaintiff filed this lawsuit outside of the 2-year statute of limitations applicable to his § 1983 claims, the Complaint and this action are time-barred.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 12-20): Plaintiff complains of unconstitutional living conditions he endured for one week in segregation at Shawnee from December 21-28, 2022. He describes extreme cold, no heat, and no plastic covering for his cell window. *Id*. at 9. Plaintiff had a blanket but lacked adequate clothing for such cold conditions. *Id*. at 13. At times, the windchill was below zero, and it snowed one day. *Id*. Plaintiff shivered, sneezed, and coughed, even while he was bundled under his blanket. *Id*. at 20.

He complained about the inadequate heat to Lieutenant Heuring on December 22, 2022; Sergeant Vaughn on December 23, 2022; Sergeants Thompson and Crim on December 25, 2022; Sergeant Kunath on December 26-28, 2022; Sergeant Bernard and Jay Medley on December 26, 2022; Sergeant Williams on December 27, 2022; and Sergeant Dean on December 28, 2022. *Id*. at 13-15. One of these officers told Plaintiff a power outage compromised the heating system, but assured him that Warden Galloway was working on it. *Id*. at 15.

Plaintiff claims that segregation inmates were singled out for different treatment. General population inmates were given plastic sheeting by maintenance staff in November 2022. *Id*. at 16-17. Maintenance personnel encouraged these inmates to cover their cell windows to prevent cold air from entering their cells. When he transferred to segregation on December 3, 2022, Plaintiff was denied plastic sheeting. Consequently, segregation inmates suffered more than others. *Id*.

On January 6, 2023, Sergeant Dean told Plaintiff that Lieutenant Browning was the housing unit supervisor responsible for the living conditions in segregation. *Id*. at 17-18. Along with Warden Galloway, Lieutenant Browning failed to ensure the availability, use, and maintenance of

the heating system, backup generator, and plastic sheeting. IDOC Director Jeffries likewise failed to monitor the living conditions in segregation. *Id*. at 19.

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

**Count 1:** Eighth Amendment against Defendants for subjecting Plaintiff to frigid living conditions in segregation at Shawnee Correctional Center from December 21-28, 2022.

**Count 2:** Fourteenth Amendment equal protection claim against Defendants for singling out inmates in segregation for the denial of plastic sheeting to cover their windows during cold temperatures at Shawnee Correctional Center from December 21-28, 2022.

**Count 3**: Eighth Amendment claim against IDOC Director Jeffries, Warden Galloway, and Lieutenant Browning for failing to ensure use of the heating system, back up generator, or plastic sheeting for inmates in segregation at Shawnee Correctional Center from December 21-28, 2022.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Discussion

Because § 1983 contains no statute of limitations, courts borrow the statute of limitations for personal injury actions from the state where the injury occurred. *See* 42 U.S.C. § 1983; *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019). A two-year statute of limitations applies to personal injury claims in Illinois. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017). As such, Plaintiff was required to file suit within two years of his injury.

Plaintiff alleges unconstitutional living conditions at Shawnee that occurred December 21-28, 2022. His alleged injuries are shivering, coughing, and sneezing that coincided with cold exposure. Plaintiff signed the Complaint on August 7, 2025 and filed it on August 11, 2025; more than 2 years and 7 months after the date of his injury, which is beyond the expiration of the 2-year limitations period. Consequently, the claims asserted in the Complaint are time-barred.

Although the statute of limitations is typically raised as an affirmative defense, a plaintiff can plead himself out of court by alleging facts in a Complaint that establish no entitlement to relief as a matter of law.  *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)).  When that occurs, a district court may dismiss the Complaint on threshold review.  *Id*.  Here, the allegations in the Complaint clearly show that Plaintiff filed suit outside of the allowable timeframe.  Consequently, he has pleaded himself out of court.

## Disposition

The Complaint (Doc. 1) is **DISMISSED with prejudice** as all federal constitutional claims are time-barred.  If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  **A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.**

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

IT IS SO ORDERED.

DATED:  February 2, 2026              *s/ Staci M. Yandle*
                                      **STACI M. YANDLE**
                                      **Chief U.S. District Judge**